UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
STEPHEN SPELLMAN,

                Plaintiff,

                **MEMORANDUM & ORDER**
– against –             17-CV-3189 (PKC)

NANCY A. BERRYHILL,

                Defendant.
----------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

Plaintiff Stephen Spellman brings this action under 42 U.S.C. § 405(g), seeking judicial review of the Social Security Administration's ("SSA") denial of his claim for Disability Insurance Benefits ("DIB"). The parties have cross-moved for judgment on the pleadings. (Dkts 9, 13.) For the reasons set forth below, the Court grants Plaintiff's motion for judgment on the pleadings and denies the Commissioner's cross-motion.

## BACKGROUND

On February 12, 2014, Plaintiff filed an application for DIB, claiming that he had been disabled since February 25, 2010. (Tr. 12, 14.)[1] The claim was initially denied on April 21, 2014. (Tr. 12.) After his claim was denied, Plaintiff requested a hearing on April 24, 2014 and appeared for a hearing before an administrative law judge ("ALJ") on January 26, 2016. (Tr. 12, 87.) By decision dated March 25, 2016, ALJ Dina R. Loewy found that Plaintiff was not disabled within the meaning of the Social Security Act from February 25, 2010, his alleged onset date, through December 31, 2015, the date Plaintiff last met the insured status requirements of Title II of the Social Security Act. (Tr. 12-23.) On April 15, 2016, Plaintiff requested a review of the decision by ALJ Loewy (Tr. 8) and the Appeals Council denied the request for review on March 22, 2017

---

[1] All references to "Tr." refer to the consecutively paginated Administrative Transcript.

(Tr. 1-4). Based upon this denial, Plaintiff timely filed this action seeking reversal or remand of ALJ Loewy's March 25, 2016 decision.

## DISCUSSION

A district court reviewing a final decision of the Commissioner must determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005). If there is substantial evidence in the record to support the Commissioner's factual findings, they are conclusive and must be upheld. 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted).

Plaintiff argues that the ALJ failed to give controlling weight to Plaintiff's treating physician and improperly rejected Plaintiff's subjective complaints of pain. For the reasons stated below, the Court finds that the ALJ failed in evaluating Plaintiff's statements concerning the intensity, persistence, and functionally limiting effects of his symptoms. Therefore, the Commissioner's decision is remanded.

With respect to Plaintiff's credibility, the ALJ found that "[t]he longitudinal history does not fully support the claimant's allegations of disability" because "the treatment notes . . . show that the claimant received minimal treatment from the alleged onset date in 2010 through July of 2013", "[t]he record does not show that the complaint received consistent treatment[,] and the treatment notes that exist during this period do not support his allegations of disability." (Tr. 20.) The ALJ also pointed to contradictions in Plaintiff's testimony, stating that "[a]lthough the claimant testified that his medications made him loopy, he reported to [his physiatrist,] Dr. [Perry]

2

Drucker, that despite an increase in the dosage of Neurontin,[2] he was tolerating it well, and his fatigue and malaise had resolved." (*Id.* (citation omitted).) Finally, ALJ Loewy noted that "claimant has taken hardly any pain medication in the last five years other than a muscle relaxant. It is likely that he would have availed himself of more significant pain relief if he were in as much pain as alleged." (*Id.*)

The Court recognizes that Plaintiff's testimony contains many contradictions, but nonetheless finds that the ALJ improperly discredited Plaintiff's testimony based on what she perceived to be Plaintiff's seemingly contradictory explanations about his reaction to Neurontin. While Plaintiff told Dr. Drucker that he was "tolerating" the Neurontin "relatively well" on February 26, 2014 (Tr. 285), he stated in his *subsequent* March 8, 2014 Adult Function Report (Tr. 182-86) and at the January 26, 2016 ALJ hearing (Tr. 36) that the medication caused him debilitating fatigue and other side effects. It is not clear that these statements are inherently contradictory, particularly where it appears that Dr. Drucker changed Plaintiff's dosage of Neurontin multiple times between February 2014 and January 2016. (*See* Tr. 383 (May 28, 2014), 377-38 (January 26, 2015), and 371-72 (October 21, 2015).) Here, "[b]ecause the ALJ's adverse credibility finding, which was crucial to his rejection of [Plaintiff's] claim, was based on a misreading of the evidence, it did not comply with the ALJ's obligation to consider all of the relevant medical and other evidence, and cannot stand." *Genier v. Astrue*, 606 F.3d 46, 50 (2d Cir. 2010) (citation and internal quotation marks omitted).

With respect to Plaintiff's right shoulder injury, it was error for the ALJ to say that Plaintiff lacked credibility because "[i]t is likely that he would have availed himself of more significant

---

[2] Gabapentin (also known as Neurontin) is drug used to treat epilepsy as well as relieve nerve pain. WebMD, "Neurontin Capsule" (last visited June 11, 2018), https://www.webmd.com/drugs/2/drug-9845-8217/neurontin-oral/gabapentin-oral/details.

3

pain relief if he were in as much pain as alleged". (Tr. 20.) The ALJ does not address the fact that Plaintiff had his August 2008 right shoulder surgery because, according to his surgeon, Dr. Anne Kelly, it was "unresponsive to *maximum conservative measures*". (Tr. 321 (emphasis added).) The ALJ similarly did not address the fact that, in September 2009, Dr. Kelly opined that Plaintiff was "13 months from an extensive surgery on his right shoulder" and that she "[did] not see any improvement lying ahead for him. . . . Unfortunately, he is able to tolerate activities of daily living only to a certain extent as long as he addresses his shoulder pain immediately afterwards." (Tr. 325-26; *see also* Tr. 325 ("If he does anything as simple as mowing the lawn, he has to take Advil and ice it after.").) While Plaintiff did not complain about his shoulder to a physician again until July 18, 2013, the ALJ does not point to any more aggressive measures Plaintiff could have taken between September 2009 and July 2013, and "[g]iven the many times [P]laintiff was treated between his . . . accident and [discontinuing treatment], and that his condition did not improve, it was not unreasonable for him to discontinue those treatments[.]" *Shaw v. Chater*, 221 F.3d 126, 133 (2d Cir. 2000); *see also Medick v. Colvin*, No. 16-CV-341, 2017 WL 886944, at *12 (N.D.N.Y. Mar. 6, 2017) (holding that ALJ's finding of "conservative" treatment was not supported by the record, where "the ALJ does not explain why plaintiff's course of medication . . . is considered conservative treatment, [and] there is no evidence that more aggressive treatment options were available or determined to be medically appropriate for plaintiff"); *cf. Hamm v. Colvin*, No. 16-CV-936, 2017 WL 1322203, at *25 (S.D.N.Y. Mar. 29, 2017).

The ALJ committed the same error with respect to Plaintiff's back pain. The record contains nothing upon which the ALJ could find that Plaintiff's treatment—including prescription drugs, physical therapy, and acupuncture—was conservative. (Tr. 36); *Jazina v. Berryhill*, No. 3:16-CV-01470 (JAM), 2017 WL 6453400, at *6 (D. Conn. Dec. 13, 2017) ("Plaintiff's treatment

4

regimen—which included powerful prescription opioids . . . [and] other prescription drugs, and in the past included physical therapy and injections—does not appear to qualify as conservative[.]"); *see also Penfield v. Colvin*, 563 F. App'x 839, 840 (2d Cir. 2014) ("conservative treatment" regimen consisted of walking, home exercise programs, and gentle stretching). Additionally, according to the ALJ, Plaintiff's back treatment was conservative, in part, because "the record does not contain written evidence that anyone recommended surgery for the claimant's back." (Tr. 20.) However, at the ALJ Hearing, Plaintiff testified that Dr. Drucker told him that he would eventually need "extensive surgery" on his "neck and [his] back" (Tr. 39-40; *see also* Tr. 16), and the ALJ should have reached out to Dr. Drucker to develop the record as to this claim before finding Plaintiff not credible, *Bernadel v. Comm'r of Soc. Sec.*, No. 14-CV-5170 (PKC), 2015 WL 5719725, at *10 (E.D.N.Y. Sept. 29, 2015) ("[T]he ALJ has an affirmative obligation to develop a complete administrative record.").

Accordingly, this action is remanded for further development of the record and further proceedings consistent with this Order.

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's motion for judgment on the pleadings and denies the Commissioner's cross-motion. The Commissioner's decision is remanded for further consideration consistent with this Order. The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED.

/s/ Pamela K. Chen  
PAMELA K. CHEN  
United States District Judge

Dated: June 11, 2018  
      Brooklyn, New York